1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SUSAN V. KLAT,                          Case No. 24-cv-1474-BAS-AHG

12                      Plaintiff,           **ORDER:**

13        v.                                      1.  **SUA SPONTE DISMISSING**
                                                      **THE CASE FOR LACK OF**
14                                                    **SUBJECT MATTER**
                                                      **JURISDICTION WITHOUT**
15   SCOTT WAHL, and DOES 1–10,                       **PREJUDICE, AND**

16                      Defendants.
                                                 2.  **DENYING DEFENDANT'S**
17                                                    **MOTION TO DISMISS**
                                                      **PURSUANT TO RULE**
18                                                    **12(B)(6) (ECF NO. 5) AND**
                                                      **PLAINTIFF'S MOTION FOR**
19                                                    **ORDER AND JUDGMENT**
                                                      **ON THE PLEADINGS (ECF**
20                                                    **NO. 7) AS MOOT**

21

22

23

24   **I.      INTRODUCTION**

25           On July 6, 2024, two San Diego police officers fatally shot Dejon Marques Heard,

26   grandson of Plaintiff Susan Klat. (ECF. No. 1 ¶ 1). Since the incident, Plaintiff alleges she

27   has been attempting to obtain copies of the "individual officer day-of-incident reports"

28   specific to the July 6, 2024, shooting, and "reports that would indicate previous interaction

between [Mr. Heard] and the San Diego Police Department." (*Id.* ¶ 2). Plaintiff alleges that despite her multiple verbal and written requests, the San Diego Police Department will not cooperate. (*Id.*) Plaintiff claims the documents are not subject to "privileged immunity" because they are separate from the ongoing investigation and therefore should not be suppressed pursuant to California Government Code section 6254(f). (*Id.*) Additionally, Plaintiff alleges she has not been able to retrieve Mr. Heard's personal belongings, including his vehicle, which she alleges were not involved in the shooting. (*Id.*)

Plaintiff, appearing pro per, alleges one cause of action for a violation of her civil rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff alleges that her Constitutional rights were violated as a result of Defendant San Diego Police Chief Scott Wahl's refusal to provide her the requested records under the California Public Records Act. Plaintiff claims Defendant Wahl knowingly neglected his duties when he ignored and refused Plaintiff's multiple requests for access to the requested records and did so with the intent to cause further despair and harm. (ECF No. 1 ¶ 16.) Plaintiff further alleges that Defendant Wahl's actions knowingly infringed upon Plaintiff's fundamental right to public records secured under the California Constitution and the California Public Records Act. (*Id.* ¶ 17.) As a result, Plaintiff alleges she is entitled to declaratory judgment and equitable relief under the Fourteenth Amendment. (*Id.*)

Defendant Scott Wahl brings a Motion to Dismiss. (ECF No. 5.) Plaintiff files an Opposition. (ECF No. 6.) Plaintiff also brings a Motion for Order and Judgment on the Pleadings which appears to be a second opposition to the Motion to Dismiss. (ECF No. 7.) The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1).

## II.    ANALYSIS

Although Defendant brings this Motion pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, the Court must first assess whether it has subject-matter jurisdiction under Rule 12(b)(1). *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter

jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); *see also Conerly v. Veracity Research*, No. 2:19-cv-1021-KJM-KJN, 2020 WL 5017604, at *2 (E.D. Cal. Aug. 25, 2020) ("Federal courts have an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue." (citing *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004))).   The Court must sua sponte dismiss claims if, at any time, it determines that the case is not properly in federal court. *United Investors*, 360 F.3d at 967.)

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The plaintiff bears the burden of proving that her case is properly in federal court. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

There are two ways to establish the Court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a). The Supreme Court has interpreted Section 1332(a) to require "complete diversity of citizenship" — that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal-question jurisdiction does not exist here. Although Plaintiff attempts to couch the case under 42 U.S.C. § 1983, as a question arising under the United States Constitution, a failure by a police department to provide records in response to a public records request is not a constitutional violation and therefore does not fall under Section 1983, which requires an underlying constitutional violation. *See Hammerlord v. Elliott*,

No. 23-cv-663-JO-KSC, 2023 WL 3940109, at *2 (S.D. Cal. June 9, 2023) (dismissing a similar Section 1983 claim for failure to turn over public records because "the refusal to provide public records is not a constitutional violation"). Similarly, Plaintiff cannot bring a Freedom of Information Act claim because such a claim is not viable against state entities. While there is a private right of action under the California Public Records Act, Cal. Gov't Code § 7923.100, that is a claim under state law and the action would have to be filed in state court.

Likewise, diversity jurisdiction does not exist here. Because all parties are citizens of California, they are not diverse, and the Court therefore lacks diversity jurisdiction under 28 U.S.C. § 1332(a).

While the Court is sympathetic to a grandmother who has lost her grandson in a tragic shooting and seeks information about this event, and although the Court would hope that the San Diego Police Department would work with grieving family members to help them obtain the answers they are seeking, the fact remains that federal court is not the proper forum for such a request. If the Plaintiff wants to pursue her public-records claim, she can file a lawsuit in state court rather than federal court. Cal. Gov't Code § 7923.100.

Leave to amend should not be granted where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *New v. Armour Pharm. Co*., 67 F.3d 716, 722 (9th Cir. 1995), *overruling on other grounds recognized by Henderson v. Pfizer*, 285 F. App'x 370 (9th Cir. 2008). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995), *cert. denied*, 516 U.S. 1051 (1996). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662.

Because Plaintiff couches her Complaint solely as one seeking records from the San Diego Police Department, and she is not requesting damages, amendment of the Complaint would be futile.

24cv1474

**III.    CONCLUSION**

For the above reasons, the Court sua sponte **DISMISSES** the case without prejudice to Plaintiff refiling the case in state court. The Court **DENIES** any leave to amend in federal court as futile. The Court **DENIES** Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Plaintiff's Motion for Order and Judgment on the Pleadings as both motions are now moot. (ECF Nos. 5, 7.) The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: January 29, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv1474